**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**JORGE L. NIEBLA,**

      **Plaintiff,**

**vs.**                                                          **Case No. 4:09cv40-RH/WCS**

**FLORIDA DEPARTMENT OF
CORRECTIONS,**

      **Defendant.**

_____/


**REPORT AND RECOMMENDATION**

Plaintiff, an inmate incarcerated in the Florida Department of Corrections,

submitted a civil rights complaint on February 3, 2009, doc. 1, but did not pay the filing

fee.  Plaintiff also did not seek *in forma pauperis* status, with good reason.  Plaintiff has

incurred *more* than three "strikes" under 28 U.S.C. § 1915(g).[1]  In case 4:06cv357-

MP/WCS, Plaintiff did not pay the filing fee or submit an *in forma pauperis* motion.  The

case was dismissed, finding Plaintiff was barred by § 1915(g).  Plaintiff has had

numerous cases dismissed under the authority of 28 U.S.C. § 1915(g), including

---

[1] Among those cases dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) are:
9:02cv81055, 1:01cv4326, 8:01cv914, 8:01cv143, 8:00cv2306, 3:05cv 433, 3:05cv230,
4:05cv235, and 4:05cv275.

5:08cv257, 3:08cv13, 4:06cv145, and 3:05cv433.  Plaintiff is clearly aware that he must

pay the filing fee for any case submitted as he is not entitled to proceed *in forma*

*pauperis* unless he is in imminent danger of serious physical injury.  This case should

be similarly dismissed.[2]

Pursuant to 28 U.S.C. § 1915(g), Plaintiff is not entitled to proceed in federal

court without full prepayment of the filing fee at the time of submission of the complaint.

Plaintiff's claim in this case is against the Department of Corrections.  Plaintiff is

challenging a department rule that prohibits talking at certain times.  Plaintiff is not

under the "imminent danger" exception for proceeding with *in forma pauperis* status.  28

U.S.C. § 1915(g).  This case must be dismissed without prejudice.  Plaintiff may refile

the case if he simultaneously submits the full amount of the filing fee.  *See* Dupree v.

Palmer**,** 284 F.3d 1234 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's

complaint, doc. 1, be **DISMISSED without prejudice** because Plaintiff is barred by 28

U.S.C. § 1915(g) from initiating a civil rights case in federal court without full payment of

the filing fee at the time he submits the complaint.

**IN CHAMBERS** at Tallahassee, Florida, on February 20, 2009.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Plaintiff does not identify his prior cases on the complaint form.  Doc. 1.
Instead, Plaintiff writes, "please see court record," but Plaintiff fails to provide any
records.  This is an intentional act on Plaintiff's part to not affirmatively disclose his prior
§ 1915 dismissals.

## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**